UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ANTUAN VALENTINO LITTLE,

        Petitioner,

        v.                                      Case No. 16-C-0805

WARDEN BRIAN FOSTER,

        Respondent.

ORDER GRANTING REQUEST TO AMEND PETITION (DOC. 16),
GRANTING MOTIONS FOR EXTENSION (DOCS. 17, 18, 19),
AND TRANSFERRING CASE

On October 20, 2016, this court screened Antuan Little's habeas petition and ordered Brian Foster to respond. The court summarized Little's three alleged grounds for relief as follows:

> Little asserts in ground one that trial counsel failed to have Michael Cramer testify as to prior false allegations by the victim in Little's case *and that the state courts improperly ruled on credibility, invading the province of the jury.* In ground two he maintains that the state's key witness was coerced by her father into testifying falsely and that information regarding the coercion was purposely withheld from Little. *Little contends in ground three that his conviction rests on perjured testimony to which the prosecutor added additional false information.*

(Doc. 12 at 2 (emphasis added).) Foster answered the petition on December 19, 2016, admitting that Little properly exhausted the ineffective-assistance-of-counsel claim in the first part of ground one and the due process claim of ground two. However, Foster denied that Little properly exhausted the claims that the court has italicized above.

In response to Foster's answer, Little moved to amend his petition. He acknowledges in the motion that he did not present his third ground and the portion of the first ground

challenged by Foster (as italicized above) to the state courts, and he asks the court to strike them. That request will be granted.

In its screening order, the court stated that within forty-five days of the filing of Foster's answer, Little was to file a brief in support of his petition. Thus, Little's brief was due on or about February 6 (forty-five days from filing of the answer plus a few days for mailing). About two weeks before that deadline, Little moved for an extension of time for an additional thirty days because of limited law-library access, delays in completing his brief, and difficulties in obtaining a legal loan from the institution to print copies of his brief. That request is granted nunc pro tunc January 23. Thus, Little's brief would have been due on or about March 6.

On February 21, Little moved for another extension of time. He indicates that he resolved the issues with Department of Corrections staff regarding the legal loan. However, he had not had sufficient time in the law library to research and study case law. According to Little, access to the law library is very limited and on many days the law library is closed completely. Further, as Little's deadline for his brief had already passed (as the court did not grant his first request for an extension right away), he was not given a pass for extra library time. Little asks for another twenty-five days. That request is granted as well, nunc pro tunc February 21. Therefore, Little's brief would be due on or about March 31.

On March 16, Little filed a third request for an extension of time. He says that he has completed his brief but that he underestimated the amount of time necessary for the library staff to approve the document as legal work, print a copy for him, send the document back to him through prison mail, and then get the brief e-filed with the court. Little asks for another eight days. This request will be granted as well, with a few extra days allowed in case something should take longer than expected. Therefore,

2

IT IS ORDERED that Little's motion to amend to strike the second part of his first ground for relief as well as his third ground for relief (Doc. 16) is granted.

IT IS FURTHER ORDERED that Little's motions for extension of time (Docs. 17, 18, 19) are granted, with the result that Little's brief in support of his petition now is due on April 17, 2017. Foster may file an opposition brief within forty-five days of receipt of Little's brief, and Little shall have thirty days after receipt of the opposition brief to file a reply, if any.

IT IS FURTHER ORDERED that to facilitate the resolution of these proceedings, this case is transferred to the clerk's office for reassignment.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. DISTRICT JUDGE