# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTUAN VALENTINO LITTLE,<br><br>          Petitioner,<br>v.<br><br>WARDEN BRIAN FOSTER,<br><br>          Respondent. | Case No. 16-CV-805-JPS<br><br><br><br>**ORDER** |

  This matter has been pending since June 24, 2016. (Docket #1). On that date, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed several motions to amend his petition, and it was ultimately screened on October 20, 2016. (Docket #12). Respondent responded to the petition on December 19, 2016. (Docket #15). Petitioner then sought further leave to amend his petition and several extensions of time to file his brief in support of his petition, all of which were granted in an order dated March 27, 2017. (Docket #21). The matter was reassigned to this branch of the Court pursuant to that same order. *Id.*

  Petitioner ultimately filed his brief in support of his petition on March 21, 2017. (Docket #20). On June 1, 2017, Petitioner filed a motion to stay these proceedings to permit him to exhaust several new constitutional claims, not previously raised in his petition or amendments thereto, in Wisconsin state court. (Docket #27). Respondent opposes the request. (Docket #28).

  A stay and abeyance is appropriate when "the petitioner had good cause for his failure to exhaust all claims and. . .the unexhausted claims

have some possible merit." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)); *Arrieta v. Battaglia*, 461 F.3d 861, 866–67 (7th Cir. 2006). "[W]henever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Requiring a showing of good cause before entertaining a stay is critical because staying a federal habeas petition: (1) frustrates the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims." *Rhines*, 544 U.S. at 270. It is for this reason that the Supreme Court has emphasized that a "stay and abeyance should be available only in limited circumstances." *Id.*

Here, Petitioner has not shown that good cause supports his request for a stay and abeyance. It is important to appreciate that his failure to exhaust in this instance is multi-layered. He claims that a stay is needed to pursue a petition pursuant to *State v. Knight*, 484 N.W.2d 540 (Wis. 1992), in the Wisconsin Court of Appeals. (Docket #27). A *Knight* petition challenges the effectiveness of appellate counsel. *See Knight*, 484 N.W.2d at 544. Underlying that claim, however, are several additional claims—which also have not before been raised in this Court—that Petitioner contends he wanted his appellate counsel to assert during his appeal. Petitioner reasons that his appellate counsel was ineffective for failing to raise and exhaust these grounds. (Docket #27 at 1).

These underlying claims which appellate counsel allegedly failed to raise can be briefly summarized. First, Petitioner says that his due-process rights were violated when evidence was admitted at trial regarding unrelated sexual misconduct by a person other than himself and against a person who was not the victim in Petitioner's case. *Id.* at 1–2. Second, Petitioner contends that during his trial, several references were made to the fact that he was incarcerated prior to trial, although the judge had granted a motion in limine to exclude such references. *Id.* at 3. Finally, Petitioner asserts that he was prejudiced by the prosecution's "misrepresentations of the evidence" at trial. *Id.* at 3–5. Petitioner argues that the government lawyer lied in order to cover up the lies of the young victim and revive her credibility. *Id.*[1]

In his principal brief, Petitioner focused exclusively on the merits of these claims. *See* (Docket #27). He offered no reasons at all that good cause supports a stay of this habeas proceeding. Respondent pointed this out in his opposition, contending that Petitioner did not try to justify his failure to raise and exhaust these claims previously. (Docket #28 at 3). Additionally, in Respondent's view, Petitioner's underlying claims rely on "nothing more than his disagreement with trial court evidentiary rulings, his claim that the young victim lied at trial, and his vague claims of prosecutorial misconduct." *Id.* at 4. Respondent contends that these suggestions do not establish that the state courts committed errors sufficiently serious to support habeas relief under Section 2254. *Id.*

---

[1] In his reply, Petitioner indicates that there are two other claims he would like to raise in a *Knight* petition, including "trial counsel's improper theory of defense[] and a claim regarding sleeping jurors at trial." (Docket #29 at 7). This is the only mention of these two additional claims.

In his reply, Petitioner argues for the first time that good cause supports his requested stay. Courts generally decline to consider arguments raised for the first time in a reply brief, as this tactic deprives the non-movant of the ability to challenge the arguments. *Studio & Partners v. KI*, No. 06-C-0628, 2008 WL 426496, at *6 (E.D. Wis., Feb. 14, 2008) ("[I]t should go without saying that a reply brief [ ] is hardly the correct vehicle for raising new arguments[.]") (citing *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630–31 (7th Cir. 2007)); *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir.1998) ("Arguments raised for the first time in a reply brief are waived."). Courts enforce this rule even against *pro se* litigants like Petitioner, who, despite a lack of legal training, should well understand the practical effect of trying to make a new argument that Respondent is not permitted to address. *See Duran-Martinez v. United States*, No. 07-C-536, 2007 WL 3342585, at *3 (E.D. Wis. Nov. 8, 2007); *Powers v. United States*, No. 04-CV-471, 2008 WL 467400, at *1 (E.D. Wis. Feb. 19, 2008). Thus, the Court finds that Petitioner has waived any arguments raised in his reply relating to good cause for a stay and abeyance. Having offered no such arguments in his principal brief, the Court finds that Petitioner's motion must be denied.

Yet even if were Court to consider Petitioner's reply arguments, it would find them to be without merit. Petitioner states that he failed to exhaust the instant claims because of undue influence exerted by his appellate counsel. (Docket #29 at 3). However, he does not clearly explain what the attorney did to influence him; indeed, from Petitioner's description of their interactions, it appears that his counsel offered all the arguments that Petitioner suggested he should. *Id.* Petitioner does little more than opine that his counsel should have known that these other

potential arguments existed because of his legal training. *Id.* at 3–4. Moreover, Little's reply is unsworn, and thus his accusations against his attorney are pure, uncorroborated speculation. This is not the sort of showing that warrants an indefinite stay of this proceeding.

Petitioner justifies his own personal failure to recognize the existence of these claims by pointing to his lack of familiarity with the law. *Id.* at 4. Yet Petitioner's *pro se* status and his lack of legal training are not viable excuses in this instance. *See Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003); *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010). Next, Petitioner suggests that his indigency has deprived him of the aid of counsel and access to research materials. (Docket #29 at 5). His lack of funds further forces him to handwrite his filings, as he cannot afford copies. *Id.* at 6. He also complains that he has limited access to the prison law library. *Id.* at 5. These are not atypical hardships for prisoners and do little to excuse Petitioner's failure to exhaust. *Tucker*, 538 F.3d at 734–35.

Finally, Petitioner asserts that these factors, taken in combination, meant that he needed several months to draft even a single document in support of his habeas petition or the *Knight* petition. (Docket #29 at 6–8). He admits, however, that as of the close of his appeal, he had seven months to file a *Knight* petition and yet failed to do so. *Id.* at 7. The Court is not persuaded that even a person unfamiliar with the law and forced to handwrite documents should take months to produce his filings. Thus, the Court finds that Petitioner's arguments in favor of a stay fall short, especially considering the Supreme Court's instruction that stay-and-

abeyance should be available only in limited circumstances. *Rhines*, 544 U.S. at 277.[2]

The Court appreciates that if the instant petition is dismissed, it "'effectively end any chance at federal habeas review.'" *Tucker*, 538 F.3d at 735 (quoting *Dolis*, 454 F.3d at 725). However, the petition need not end here if Petitioner desires to proceed on his existing claims. In light of the Court's decision to deny his request for a stay and abeyance, Petitioner must decide between the following two options within the next **fourteen (14) days**. First, Petitioner may proceed solely on the basis of his existing, properly exhausted claims. However, if he elects this course of action, the Court will consider only the merits of those claims, which would restrict future federal habeas corpus review of Petitioner's unexhausted claims because those claims would then be subject to the AEDPA's limitation on successive filings, as well as AEDPA's one-year statute of limitations. Second, Petitioner may voluntarily dismiss this action and proceed with his *Knight* petition in the Wisconsin Court of Appeals. This choice may limit future federal habeas corpus review of Petitioner's claims in light of the AEDPA one-year statute of limitations, which for Petitioner expired long ago.

Accordingly,

**IT IS ORDERED** that Petitioner's request for a stay and abeyance (Docket #27) be and the same is hereby **DENIED**; and

---

[2]Petitioner also contends that the victim's father called him in 2013 to say that he had coerced his daughter to testify against Petitioner, and that the young girl admitted the falsity of her accusations to others. (Docket #29 at 5). He does not explain how this information relates to the three new claims, explained above, that underlay his potential *Knight* petition. *See id.* It would appear that this claim is already in play in the current habeas petition, and Respondent admitted that it was properly exhausted. *See* (Docket #15 at 1–2).

**IT IS FURTHER ORDERED** that Petitioner shall file, no later than **fourteen (14) days** from the date of this Order, either: (i) a notice indicating that he wishes to proceed on his existing claims only; or (ii) a voluntary dismissal of his petition altogether. If Petitioner fails to file such a submission in accordance with the deadline set forth above, his petition will be dismissed without further notice.

If Petitioner files a notice indicating that he wishes to proceed on his existing claims only, Respondent shall file a brief in opposition to Petitioner's brief in support of his petition (Docket #20) no later than **thirty (30) days** from the date Petitioner's notice is filed. Petitioner may then file a reply within **thirty (30) days** of service of Respondent's brief.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge