# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTUAN VALENTINO LITTLE,<br><br>         Petitioner,<br>v.<br><br>WARDEN BRIAN FOSTER,<br><br>         Respondent. | Case No. 16-CV-805-JPS<br><br><br><br><br><br>**ORDER** |

On October 20, 2016, the Court screened Petitioner's habeas petition and ordered Respondent to respond. (Docket #12). The Court summarized Petitioner's three alleged grounds for relief as follows:

> Little asserts in ground one that trial counsel failed to have Michael Cramer testify as to prior false allegations by the victim in Little's case *and that the state courts improperly ruled on credibility, invading the province of the jury*. In ground two he maintains that the state's key witness was coerced by her father into testifying falsely and that information regarding the coercion was purposely withheld from Little. *Little contends in ground three that his conviction rests on perjured testimony to which the prosecutor added additional false information*.

*Id.* at 2 (emphasis added). Respondent answered the petition on December 19, 2016, admitting that Petitioner properly exhausted the ineffective-assistance-of-counsel claim in the first part of ground one and the due process claim of ground two. (Docket #15). However, he denied that Petitioner properly exhausted the claims that the Court italicized above. *Id.*

In response to Respondent's answer, Petitioner moved to amend his petition. (Docket #16). He acknowledged in the motion that he did not present his third ground and the portion of the first ground challenged by Respondent (as italicized above) to the state courts, and he asked the Court to strike them. *Id.* The Court granted that request in an order dated March 27, 2017. (Docket #21).

Five months later, on August 18, 2017, Petitioner filed a request for clarification of ground three of his petition. (Docket #33). He asserts that although he admitted his failure to exhaust the portion of ground three relating to prosecutorial misconduct, he did not admit a failure to exhaust as to the first clause of ground three, which is that his conviction "rests entirely on coerced, false, involuntary, [and] inconsistent testimony[.]" (Docket #1 at 8). Essentially, Petitioner believes that the Court mistakenly dismissed the entirety of ground three when he only agreed to dismissal of a portion thereof. (Docket #33 at 2). He asks for a correction of the record pursuant to Federal Rule of Civil Procedure 60(b) and requests that Respondent be ordered to respond to the remaining portion of ground three. *Id.*

The Court must deny Petitioner's request. First, it was at his urging that the Court dismissed ground three of his petition. *See* (Docket #16). Although the Court made very clear in its March 27 order that ground three was dismissed, Petitioner inexplicably waited five months, and after Respondent had prepared a brief in opposition to the petition, to question the Court's ruling. Such delay is inexcusable.

Second, even if delay alone did not warrant denial of the instant request, Petitioner's other grounds for relief adequately cover whatever claim he seeks to assert. The other grounds he has raised relate to

allegedly false or coerced testimony, including coercion by the victim's father, inconsistencies in the victim's story, and the victim's recantation of her accusations. *See* (Docket #20, #32). Petitioner offers no explanation why the broad, conclusory introductory clause to ground three—that his conviction "rests entirely on coerced, false, involuntary, [and] inconsistent testimony," (Docket #1 at 8)—adds anything to the equation. Put differently, he has proffered no other facts, in addition to those already encompassed in the existing grounds, which would support the argument that there was coerced, false, involuntary, or inconsistent testimony at his trial and that admitting such testimony constituted a denial of due process. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004) (a habeas petitioner must plead and present evidence supporting his theory for relief such that his argument is "readily discernible"); *Bobo v. Kolb*, 969 F.2d 391, 400 (7th Cir. 1992) (petitioner must assert more than conclusory allegations to obtain habeas relief). Even a liberal construction of Petitioner's petition cannot supply the core facts of his claim. *See Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996); *Jenkins v. Doyle*, No. 08-C-574, 2008 WL 3982181, at *4 (E.D. Wis. Aug. 22, 2008) ("The conclusory 'notice pleading' permitted in civil suits is inadequate in habeas cases, since 'the petition is expected to state facts that point to a real possibility of constitutional error.'") (quoting Advisory Committee Note to Habeas Rule 4).

Indeed, if such additional facts exist, Petitioner did not mention them in his brief in support of his petition. *See* (Docket #20 at 15–17). Instead, his brief reveals that the only real facts supporting ground three are either the same facts already implicated in the other grounds or Petitioner's accusations against the prosecutors. He has already admitted

that the latter claim remains unexhausted at this time. At most, Petitioner seems to present the entire constellation of challenged conduct as a nebulous mass of unreliable evidence which violated his due process rights. *See* (Docket #20 at 16).[1] The claim, such as it is, lacks any discernable definition. Consequently, there is no reason to permit any part of ground three to proceed. *Jenkins*, 2008 WL 3982181, at *4 ("The district court is not required to review the entire state record to search and determine whether any facts support the petitioner's claim.") (citing *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990)). The entire ground will remain dismissed.[2]

Accordingly,

**IT IS ORDERED** that Petitioner's request for clarification and correction of the record (Docket #33) be and the same is hereby **DENIED**.

---

[1]Moreover, to the extent Petitioner's claim is that the Wisconsin courts did not correctly assess the victim's credibility in light of all the evidence presented at trial—which is, again, something Petitioner does not capably define—there is no indication that such a claim has been properly and fully exhausted in the state courts. *See* (Docket #15-2, #15-7) (Wisconsin Court of Appeals decisions on Petitioner's direct appeal and collateral attack).

[2]Petitioner's brief in support of his petition has three sections corresponding to the three grounds for relief he asserted at that time. *See* (Docket #20). Respondent's brief in opposition has only two major sections. *See* (Docket #32). To the Court, it appears that Petitioner read the opposition brief and believes that Respondent did not fully respond to all of Petitioner's arguments. But the mere failure to have an identical number of sections in a brief is immaterial; what matters is whether Respondent addressed the facts and legal claims underlying the petition. As discussed above, Petitioner has not directed the Court to any other facts, separate and distinct from those raised in his other grounds for relief, that merit a response. A review of the petition, Petitioner's brief in support, and Respondent's opposition brief reveals that both sides have fairly contended with all the relevant facts.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge