# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTUAN VALENTINO LITTLE,

       Petitioner,

v.

WARDEN BRIAN FOSTER,

       Respondent.

Case No. 16-CV-805-JPS

**ORDER**

   Petitioner, who is incarcerated at the Waupun Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). The Court has granted him until October 12, 2017 to file his reply brief in support of his petition. (Docket #36). Petitioner filed a motion on September 21, 2017, requesting that the Court order the institution to use funds from his prison release account to pay the cost of copying that brief. (Docket #37). He claims that his request for a legal loan has been denied, and that his regular prison trust account has insufficient funds to cover the copying costs. *Id.* Thus, he says that his only option to obtain a copy of his brief before the October 12 deadline is to use money from his release account, which the institution will not permit absent a court order. *Id.* Alternatively, Petitioner asks for a one-month extension of time to file his brief, which would allow time for his regular account to accumulate sufficient funds. *Id.* at 2.

   Whatever may be Petitioner's financial difficulties, the Court is not able to order payment of copying costs from his release account. Wisconsin prisoners generally have two types of accounts: a "general

account" and a "release account." The general account, also called a "trust account," receives a prisoner's pay and other income. Wis. Admin. Code § DOC 309.02(8). Prisoners can withdraw funds from this account while they are in state custody. *Id.* § DOC 309.49(2). The release account, by contrast, cannot be accessed by a prisoner until he is released. *Id.* § DOC 309.466(2). After "crime victim and witness assistance" payments have been made, *see id.* § DOC 309.465, fifteen percent of a prisoner's pay goes into the release account until the balance reaches $500, *id.* § DOC 309.466(1).

Under the federal Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1), the only item that the Court can order paid from a prisoner's release account is the initial partial filing fee ("IPFF"), assessed as part of a prisoner's application to proceed *in forma pauperis*. *Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002). The Court lacks the authority—statutory or otherwise—to allow a prisoner to tap into his release account to pay current (or future) litigation costs. *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (noting that Section 1915 "does not exempt litigants from the costs of copying and filing documents") (internal citation omitted); *Beacon v. Dittmann*, Case No. 14–CV–136–JPS, 2017 WL 375644, at *1 (E.D. Wis. Jan. 26, 2017). Petitioner's reliance on *Spence v. Cooke*, 587 N.W.2d 904, 907 (Wis. 1998), is misplaced, for while it holds that litigation costs may be paid from a prisoner's release account, the state court in that case was applying Wisconsin's version of the PLRA, Wis. Stat. § 814.29(1m). Whatever liberal interpretation Wisconsin courts may give to that statute, federal courts in this state have consistently adopted a more restrictive view when applying the federal PLRA. *Beacon*,

2

2017 WL 375644, at *1; *Czapiewski v. Thomas Doe*, Case No. 16-cv-426, 2016 WL 1733456, at *2 (E.D. Wis. Apr. 29, 2016); *Artis v. Meisner*, No. 12–cv–589–wmc, 2015 WL 5749785, at *5–7 (W.D. Wis. Sept. 30, 2015).

The Court's approach is consistent with the underlying purpose of the release account. "Denying prisoners the use of their release accounts to fund litigation costs also is prudent given that those accounts are 'restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody.'" *Peace v. Larsen*, Case No. 15–cv–276–pp, 2016 WL 4126470, at *2 (E.D. Wis. Aug. 2, 2016) (quoting *Artis*, 2015 WL 5749785, at *6). Permitting a prisoner to invade that account for litigation costs could be a detriment to the prisoner's likelihood of success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). The inmate is not at liberty to tap into his release account for litigation costs, and he must make his strategic calculus accordingly. *Peace*, 2016 WL 4126470, at *2.

This is especially true here, where Petitioner offers no reason why the depletion of his regular trust account was not of his own doing. Certainly, the Court is not sympathetic when a prisoner squanders his money on his own wants and then demands a loan from the state to fund his litigation efforts. *Beacon*, 2017 WL 375644, at *2 ("Put simply, the release account is not a backup litigation fund."). Thus, the Court is

3

obliged to deny Petitioner's request for an order directing that copies of his reply brief be paid for out of his release account.[1]

Additionally, the Court will deny Petitioner's alternative request to extend the deadline for filing his reply brief to November 10, 2017. Again, Petitioner's financial straits are his own business, and waiting for funds to accrue in his regular trust account is not a good reason to extend the existing deadline nearly a month, particularly since the Court has already warned that the deadline would not be extended for any reason. (Docket #36 at 2). Petitioner's reply brief remains due on October 12, 2017.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for an order directing disbursement from his release account to pay copying costs or for an extension of time to file his reply brief (Docket #37) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] To the extent Petitioner believes that his request for a legal loan was wrongfully denied, *see* (Docket #37 at 2), such a claim is not cognizable in a habeas proceeding.